[No. D034493. Fourth Dist., Div. One. Nov. 14, 2000.]

RANDY MORRIS, Cross-complainant and Appellant, v.
EMPLOYERS REINSURANCE CORPORATION, Cross-defendant and
Respondent.

**COUNSEL**

Gallagher & Moore and Shannon Gallagher for Cross-complainant and Appellant.

Higgs, Fletcher & Mack, John Morris, Michael T. Quinn and Jon R. Williams for Cross-defendant and Respondent.

**OPINION**

**McINTYRE, J.**—In this insurance coverage dispute, Randy Morris, as the assignee of certain rights of Carmela Rincon Loelkes under her real estate agents and brokers professional liability policy, sued Employers Reinsurance Corporation (Employers) for breach of contract for failure to indemnify and

defend Loelkes. The trial court granted summary judgment in favor of Employers, concluding that Loelkes's policy did not provide coverage, based on an exclusion in the policy relating to property owned by the broker.

Morris appeals, contending the court erred in ruling that the ownership exclusion applied to the facts in this case. We agree and reverse the judgment. We express no opinion regarding whether any other exclusions in the policy might apply to preclude coverage.

### FACTS AND PRIOR PROCEEDINGS

In 1988, Loelkes represented Koichi Shimazaki, the owner of a parcel of undeveloped real property, as his listing and selling agent for the property. Loelkes also represented Morris, a prospective buyer, and on December 17, 1988, on behalf of Morris, she presented an offer to purchase Shimazaki's property. Shimazaki, through Loelkes, responded with a counteroffer. Morris maintains he told Loelkes that he wanted to accept the counteroffer before it expired, but she informed him that Shimazaki had agreed to sell the property to an unnamed third party and it was no longer for sale. Thereafter, Loelkes entered into a real estate purchase contract with Shimazaki on the same or similar terms and conditions as were contained in Shimazaki's counteroffer to Morris. The sale was never completed, however.

Morris sued Loelkes for breach of the duty of loyalty and good faith, breach of fiduciary duty, negligent misrepresentation, intentional misrepresentation and constructive trust. Loelkes tendered her defense to Employers, which maintained she had an ownership interest in the property and denied coverage based on "Exclusion (e)" in the policy, which states:

"This policy does not apply to: [¶] . . . [¶]

"(e) any claim made against the Insured arising out of or in connection with any property, entity or enterprise controlled, managed, operated, or in which there is an ownership interest by:

"1. An Insured;

"2. A member of an Insured's immediate family . . . ."

Loelkes settled the case with Morris for the sum of $200,000. However, the settlement was structured such that except for an initial payment of $5,000, Morris agreed not to enforce the agreement "except as against the proceeds of any insurance benefits to which Loelkes, or her assignee, is

entitled for indemnity against the claims alleged in the action." In consideration, Loelkes assigned Morris all her rights and claims against Employers, except for her claims for attorney fees, damage to reputation and credit, emotional distress, and punitive damages. Loelkes then filed the underlying action against Employers, also naming Morris as the partial assignee of her rights against Employers in order to bring all parties with an interest in the subject matter of the litigation before the court. Morris then filed a cross-complaint against Employers for breach of insurance contract.

Employers settled with Loelkes and then brought a summary judgment motion against Morris, contending that Exclusion (e) of the policy precluded coverage for Morris's claims. The trial court granted the motion, concluding that Loelkes obtained an equitable interest in the property when she entered into a contract with Shimazaki to purchase it, and thus, the exclusion applied.

DISCUSSION

*Exclusion (e) Does Not Preclude Coverage*

■  We apply a de novo standard of review to an order granting summary judgment, when on undisputed facts, the order is based on the interpretation of the terms of the insurance policy. (*Smith Kandal Real Estate v. Continental Casualty Co.* (1998) 67 Cal.App.4th 406, 414 [79 Cal.Rptr.2d 52].) ■  "An insurer may select the risks it will insure and those it will not, and a clear exclusion will be respected." (*Ibid.*) "However, an exclusion or limitation on coverage must be clearly stated and will be strictly construed against the insurer. If an exclusion ambiguously lends itself to two or more reasonable constructions, the ambiguity will be resolved against the insurer and in favor of coverage." (*Ibid.*)

■  Such ambiguity exists here. In fact, Employers' position that Exclusion (e) applies because Loelkes acquired an equitable interest in the property when she entered into the purchase agreement with Shimazaki is a strained interpretation of the exclusion. The more reasonable construction is that Exclusion (e) applies to preclude coverage for acts and omissions by a real estate professional when she sells or rents her own property or that of an immediate family member, or property which she controls or has an existing financial interest in, and *not* when, in the course of representing others, she attempts to purchase property owned by one of her principals. Professional liability insurance for real estate agents and brokers is designed to cover risks involved in selling property for *others*; thus, such policies commonly exclude claims involving property owned by the insured or an entity in

which the insured has a financial interest—i.e. where the broker or agent deals with her own inventory. (See Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 1999) ¶ 7:2518.5, p. 7K-24.3.) Thus, even if we assume that Loelkes acquired an equitable interest in the property when she entered into the purchase agreement, her very act of attempting to purchase the property from Shimazaki reveals that she was not dealing with her own property and places her conduct outside of the purview of Exclusion (e). Accordingly, we reverse the judgment. (*Smith Kandal Real Estate v. Continental Casualty Co., supra,* 67 Cal.App.4th at p. 414.)

## DISPOSITION

The judgment is reversed. Costs are awarded to appellant.

Work, Acting P. J., and O'Rourke, J., concurred.

A petition for a rehearing was denied December 5, 2000, and respondent's petition for review by the Supreme Court was denied March 14, 2001.